IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON

**GENERAL ASSURANCE OF AMERICA,
INC.,** a Virginia Corporation,

    Plaintiff,

v.                                                    Civil Action No. 3:17-cv-04628

                                                          Judge_____

**ARCH INSURANCE COMPANY,**
a Missouri Corporation,

    Defendant.

## COMPLAINT

Plaintiff, General Assurance of America, Inc., a Virginia corporation (hereinafter "GAA"), by and through its counsel, Roy D. Baker, Jr., Esquire, of Baker Law Offices, PLLC, states the following for its Complaint against Arch Insurance Company, a Missouri corporation (hereinafter "Arch"), in this matter:

## PARTIES AND JURISDICTION

1. GAA is now, and was at all times relevant hereto, a Virginia corporation, with its principle place of business located at 3114 Southside Ave, Richmond, Virginia 23228.

2. Upon information and belief, Arch is now, and was at all times relevant hereto, a Missouri corporation, with its principle place of business located in New York, New York.

1

3. The events giving rise to the claims asserted herein on behalf of GAA against Arch occurred within the United States District Court for the Southern District of West Virginia at Huntington.

4. For the reasons set forth in Paragraph Nos. 1-3, both inclusive, jurisdiction and venue are proper in the United States District Court for the Southern District of West Virginia at Huntington.

5. On July 12, 2012, Frederick Management Company, LLC (hereinafter referred to as "Frederick Management"), filed its Complaint in Civil Action No. 3:12-CV-3019 (hereinafter "The Underlying Civil Action"), naming Arch, GAA, First Community Bank, and Compass Claim Service, Inc. as Defendants, and setting forth seven separate causes of action against various combinations of the named Defendants therein.

6. Pursuant to the provisions of an Agency Agreement drafted by Arch, and entered into between Arch and GAA on December 1, 2004 (hereinafter "The Agreement"), Arch owed certain legal and fiduciary duties to GAA under The Agreement, which applied to The Underlying Civil Action.

7. Arch invoked the jurisdiction of this Court by filing a Cross-Claim against GAA in The Underlying Civil Action, demanding that GAA defend and indemnify Arch as a result of the claims filed on behalf of Frederick Management against Arch therein, while at the same time unlawfully deducting and withholding the attorney fees, costs (including, upon information and belief, an

indemnity payment which, Arch agreed to pay to Frederick Management in The Underlying Civil Action), totaling the sum of $263,967.60, from commissions earned by GAA as a result of the selling of millions of dollars of insurance coverage by GAA for Arch under The Agreement, the details of which are described in the Affidavit of Ronald H. Vassar in the Underlying Civil Action, attached hereto as Exhibit 1.

8. Arch perpetuated a fraud upon this Court by invoking the jurisdiction of this Court to assert a Cross-Claim against GAA for attorney fees, costs (including, upon information and belief, an indemnity payment which Arch agreed to pay to Frederick Management in The Underlying Civil Action), while unlawfully converting such monies owed to GAA by deducting and refusing to pay to GAA hundreds of thousands of dollars in commissions that were earned by GAA for its sale of millions of dollars of insurance coverages that were written by Arch to insureds in the State of West Virginia and elsewhere throughout the United States. [**See** Exhibit 2.]

9. On November 12, 2013, Mediation took place in The Underlying Civil Action, during which, upon information and belief, at the direction of its representative, Neil Hutsler, Arch entered into a settlement with Frederick Management whereby Arch paid the sum of $120,000.00 to Frederick Management to settle only the claims of Frederick Management against Arch Insurance Company.  Despite its legal and fiduciary duties to GAA, Arch did not include its Agent/Broker, GAA, in its settlement with Frederick Management, while, upon information and belief, unlawfully charging such costs in the amount of $120,000.00 to GAA, and by further withholding hundreds of thousands of dollars in earned commissions that were due and owing to GAA under The Agreement. At the same time, Arch terminated its business relationship with GAA

while GAA was doing business with First Community Bank and before The Underlying Civil Action was resolved. [**See** Exhibit 3.] Arch sent Notices of its cancellation of its business relationship with GAA directly to First Community Bank and other banking institutions for which GAA was acting as the Broker on behalf of Arch in violation of its agreement with GAA to allow GAA to have an opportunity to secure alternative insurance coverage for such other banks and lending institutions, thereby further breaching the fiduciary duties owed by Arch to GAA through its disruption and tortious interference with GAA's business relationships with First Community Bank and such other banking institutions, and causing irreparable harm to GAA.

10. As a result of Arch's settlement with Frederick Management in the Underlying Civil Action, counsel for Arch submitted an Order to this Court in which this Court approved the dismissal of the claims of Frederick Management against Arch in the Underlying Civil Action, with the express contractual agreement that each of the parties were to bear their own costs and attorney fees. [See Document No. 311 in the Underlying Civil Action, attached hereto as Exhibit 4.] Thereafter, Arch changed its position with regard to GAA and agreed to dismiss its Crossclaim against GAA in the Underlying Civil Action and again agreed to pay its own attorney fees and costs with regard to this dismissal. [See Exhibit 5.] GAA agreed to the draft Order prepared by counsel for Arch without any change or revision. [See Exhibit 6.] GAA accepted this contractual offer by Arch, which was consummated by the entry of the identical Order that was drafted by Arch and its counsel, and submitted to this Court for entry. [See Exhibit 7.]

11. By way of the Orders prepared by counsel for Arch, and submitted to this Court by such attorneys on behalf of Arch, this Court approved the dismissal of the claims of Arch against GAA

in the Underlying Civil Action with the expressed contractual agreement between Arch and GAA that each of the parties were to bear their own costs and attorney fees. [**See** Exhibits 4 and 7, respectively.]

12. Despite entering into such agreements with GAA, as confirmed by the Orders of this Court in the Underlying Civil Action, attached hereto as Exhibits 4 and 7, respectively, Arch has continued to refuse to return to GAA the attorney fees, costs (including, upon information and belief, a payment of $120,000.00 that Arch made to Frederick Management in the Underlying Civil Action), totaling the sum of $263,967.60, by way of deducting such monies from commissions owed to GAA while perpetrating its fraud upon this Court. Upon information and belief, the amount of $263,967.60 was unlawfully removed from the account in which Arch held in trust for GAA the commissions which GAA had already earned, thereby allowing Arch to be unjustly enriched by the sum of $263,967.60, plus the statutory interest allowed by law.

13. By way of Memorandum and Opinion Order dated June 11, 2014, this Court granted Summary Judgment in favor of GAA in regard to Frederick Management's claims in the Underlying Civil Action. [**See** Exhibit 8.] Despite the repeated assurances by Arch to GAA that Arch would not settle Frederick Management's claims in the Underlying Civil Action while awaiting a ruling by this Court in regard to the Motions for Summary Judgment filed on behalf of Arch and GAA, upon information and belief, Arch used GAA's funds, which Arch unlawfully converted to its own use, to settle Frederick Management's claims against Arch in the Underlying Civil Action while abandoning GAA and breaching its contractual duties and fiduciary responsibilities to GAA. Upon information and belief, by entering into a settlement with Frederick

Management in the Underlying Civil Action, Arch not only breached its contractual duties and fiduciary responsibilities to GAA, but wasted monies belonging to GAA to settle Frederick Management's claims against Arch when such claims would have also been resolved in favor of Arch by way of Summary Judgment, thereby obviating the need for Arch to pay any monies, especially funds that did not belong to Arch, to settle Frederick Management's claims against Arch in the Underlying Civil Action.

14. Subsequent to the entry of the Orders attached hereto as Exhibits 4, 7, and 8, respectively, Arch has continued to refuse to comply with the Orders that were prepared by and submitted to this Court by its own counsel, in which Arch expressly agreed to bear its own attorney fees and costs in The Underlying Civil Action, as confirmed by the Orders of this Court, dated December 27, 2013, and January 28, 2014, attached hereto as Exhibits 4 and 7, respectively, thereby breaching its contractual agreement with GAA and causing great financial harm to GAA.

15. Subsequent to the entry of the Orders attached hereto as Exhibits 4, 7, and 8, respectively, Arch has continued to refuse to comply with the Orders that were prepared by and submitted to this Court by its own counsel, in which Arch expressly agreed to bear its own attorney fees and costs in the Underlying Civil Action, thereby breaching the legal and fiduciary duties which Arch owes to GAA under The Agreement and otherwise, and causing great financial harm to GAA.

16. Subsequent to the entry of the Orders attached hereto as Exhibits 4, 7, and 8, respectively, Arch has continued to refuse to comply with the Orders that were prepared by and submitted to this Court by its own counsel, in which Arch expressly agreed to bear its own attorney fees and

costs in the Underlying Civil Action, thereby causing Arch to be in Civil Contempt and causing great financial harm to GAA.

17. The unlawful acts undertaken by Arch against GAA as described herein constitute an act of Civil Contempt. Such unlawful acts, undertaken by Arch against GAA in bad faith, also constitute a breach of the legal and fiduciary duties owed by Arch to GAA, as well as the duties owed by Arch to GAA under The Agreement. These acts by Arch have caused great financial damage and irreparable harm to GAA, including, but not limited to, the loss of the business relationship between GAA and First Community Bank, the loss of the business relationships between GAA and additional Banks and Lending Institutions, as well as other damages resulting from the tortious interference by Arch in the business relationships and business dealings of GAA. [**See** Exhibit 9.]

WHEREFORE, Plaintiff, General Assurance of America, Inc., respectfully requests that this Court grant the following Relief from the Defendant, Arch Insurance Company:

a) That the Court hold Arch Insurance Company in Civil Contempt for its refusal to obey the Order entered by this Court in the Underlying Civil Action, identified therein as Document No. 311.

b) That the Court hold Arch Insurance Company in Civil Contempt for its refusal to obey the Order entered by this Court in the Underlying Civil Action, identified therein as Document No. 317.

c) That the attorney fees and costs incurred by Arch in the Underlying Civil Action and unlawfully taken from GAA by Arch (including, upon information and belief, the cost

of the settlement paid by Arch to Fredrick Management in the Underlying Civil Action) be returned to GAA, and that GAA be awarded both pre-judgment and post-judgement interest upon such damages.

d) That the commissions paid by GAA to Arch under The Agreement be disgorged and returned to GAA as a result of the acts of bad faith and egregious conduct of Arch described herein, and that GAA be awarded both pre-judgment and post-judgment interest upon such damages.

e) That GAA be awarded compensatory damages as a result of Arch's breach of the contract memorialized in Document No. 311 in the Underlying Civil Action, and that GAA be awarded both pre-judgment and post-judgement interest upon such damages.

f) That GAA be awarded compensatory damages as a result of Arch's breach of the contract memorialized in Document No. 317 in the Underlying Civil Action, and that GAA be awarded both pre-judgment and post-judgement interest upon such damages.

g) That GAA be awarded punitive damages as a result of Arch's breach of the contract memorialized in Document No. 311 in the Underlying Civil Action, and that GAA be awarded both pre-judgment and post-judgement interest upon such damages.

h) That GAA be awarded punitive damages as a result of Arch's breach of the contract memorialized in Document No. 317 in the Underlying Civil Action, and that GAA be awarded both pre-judgment and post-judgement interest upon such damages.

i) That GAA be awarded compensatory damages as a result of Arch's breach of The Agreement as described herein, and that GAA be awarded both pre-judgment and post-judgement interest upon such damages.

j) That GAA be awarded punitive damages as a result of Arch's breach of The Agreement described herein, and that GAA be awarded both pre-judgment and post-judgement interest upon such damages.

k) That GAA be awarded compensatory damages as a result of Arch's breach of the legal and fiduciary duties which it owes to GAA, and that GAA be awarded both pre-judgment and post-judgement interest upon such damages.

l) That GAA be awarded punitive damages as a result of Arch's breach of the legal and fiduciary duties which it owes to GAA, and that GAA be awarded both pre-judgment and post-judgement interest upon such damages.

m) That GAA be awarded compensatory damages as a result of Arch's tortious interference with the business relationships and business dealings of GAA, including, but not limited to, the loss of the business relationship between GAA and First Community Bank, and that GAA be awarded both pre-judgment and post-judgement interest upon such damages.

n) That GAA be awarded punitive damages as a result of Arch's tortious interference with the business relationships and business dealings of GAA, including, but not limited to, the loss of the business relationship between GAA and First Community Bank, and that GAA be awarded both pre-judgment and post-judgement interest upon such damages.

o) That GAA be awarded its attorney fees incurred in the pursuit of this matter, and be awarded both pre-judgment and post-judgement interest upon such damages.

p) That GAA be awarded its costs incurred in the pursuit of this matter, and be awarded both pre-judgment and post-judgement interest upon such damages.

q) Such other additional Relief allowed by law to be determined by this Court.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

                                    GENERAL ASSURANCE OF AMERICA, INC.
                                                                BY COUNSEL

 /s/Roy D. Baker, Jr.
Roy D. Baker, Jr., WV State Bar No.: 219
BAKER LAW OFFICES, PLLC
125 CAMELOT DRIVE
HUNTINGTON, WEST VIRGINIA 25701
TELEPHONE: (304) 522-6906
FACSIMILIE: (304) 522-6910
Email: rbaker@wvbakerlaw.com