# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

GENERAL ASSURANCE OF AMERICA INC.,
a Virginia Corporation,

            Plaintiff,

v.                               CIVIL ACTION NO. 3:17-4628

ARCH INSURANCE COMPANY,
a Missouri Corporation,

            Defendant.

## MEMORANDUM OPINION AND ORDER

On December 28, 2017, Plaintiff General Assurance of America, Inc. (GAA) filed a Complaint against Arch Insurance Company (Arch). The West Virginia Office of the Secretary of State served the Complaint upon Arch's designated agent Corporation Service Company (CSC) on March 26, 2018. However, Arch failed to appear, plead, or otherwise defend the action within the allowed time. Therefore, GAA filed a Motion for Entry of Default. The Court granted the motion and ordered GAA "to file the appropriate motion and affidavits, or to arrange for the necessary evidentiary hearing, to facilitate the entry of default judgment, pursuant to *Fed. R. Civ. P.* 55(b), within twenty days[.]" *Order*, ECF No. 12. On April 23, 2018, GAA filed its Motion for Entry of Default Judgment with supporting documentation. ECF No. 15.

On April 27, 2018, Arch filed a Motion to Vacate Entry of Default and for Leave to File a Late Response. ECF No. 18. In support of its motion, Arch asserts that on March 29, 2018, it received 112 pages of documents from CSC that CSC had identified as a demand letter.

Consistent with its internal procedures, the "demand letter" was sent to Arch's claims department. Arch states that it did not realize a Complaint was included in the documents until it received the Court's Entry of Default.

Rule 55(c) of the Federal Rules of Civil Procedure provides, in part, that "[t]he court may set aside an entry of default for good cause[.]" Fed. R. Civ. P. 55(c), in part. In applying that rule, federal courts must "[b]alance[] against the manifest preference for trials on the merits[,] . . . our interests in finality and repose, and our concern lest an already-burdened judicial system be compromised by frivolous and unnecessary proceedings." *United States v. Moradi*, 673 F.2d 725, 727-28 (4th Cir. 1982). In considering whether a default should be set aside, the Fourth Circuit has held that

> a district court should consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic.

*Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204-05 (4th Cir. 2006) (citations omitted); *see also Consolidated Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967) (stating that "[g]enerally a default should be set aside where the moving party acts with reasonable promptness and alleges a meritorious defense" (citation omitted)). Moreover, the Fourth Circuit has long held that "[a]ny doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits." *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969) (citation omitted)).

In applying these criteria to the present case, the Court finds that Arch's failure to respond to the Complaint was an inadvertent oversight. When CSC accepted service on behalf of Arch, it obviously did not realize that amongst the numerous documents it received was a Complaint. As a result, CSC misidentified all the documents as a demand letter and, as a result, they were sent to the wrong department of Arch. Although Arch's failure to respond to the Complaint ultimately is its sole responsibility and it should be more diligent in the future, the Court finds its failure was unintentional and not the type of mistake that weighs in favor of granting a default judgment. Additionally, once Arch learned that the Court had entered default, it promptly moved to vacate entry of default and requested leave to file a late response. There is no evidence of a history of dilatory action by Arch, and the Court finds Plaintiff will not be unfairly prejudiced by the lifting the default. Moreover, although the parties hotly contest whether Arch has a meritorious defense to Plaintiff's claims, the very nature of their briefing leads the Court to find this matter is best resolved on the merits rather than by virtue of a default judgment based upon an inadvertent mistake.

Accordingly, for good cause shown, the Court **GRANTS** Arch's Motion to Vacate Entry of Default and for Leave to File a Late Response. ECF No. 18. The Court **DIRECTS** Arch to file an Answer or otherwise file a responsive pleading to GAA's Complaint **on or before June 6, 2018**. Having resolved this motion, the Court further **DENIES** GAA's Motion for Entry of Default Judgment (ECF No. 15), **DENIES** Arch's Motion to Strike Plaintiff's Surreply Brief (ECF No. 24), and **DENIES** Arch's Motion to Hold in Abeyance the Motion on behalf of GAA for Entry of Default Judgment. ECF No. 26.

In addition, as Arch is responsible for the entry of default, the Court finds it must reimburse GAA for its attorneys' fees and costs associated with the entry of default, seeking default judgment, and all briefing related to the issues addressed in this Memorandum Opinion and Order. Therefore, the Court **DIRECTS** GAA to file an affidavit itemizing its attorney's fees and costs **on or before June 8, 2018**. GAA also may file a memorandum in support of the requested award. If Arch objects to GAA's claim, the Court **DIRECTS** Arch to respond **on or before June 15, 2018**. GAA shall have until **on or before June 20, 2018,** in which to reply.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: May 30, 2018

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE