**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

**GENERAL ASSURANCE OF AMERICA, INC.,**
a Virginia Corporation,

    **Plaintiff,**

v.                                                                                                  **Case No.: 3:17-cv-04628**

**ARCH INSURANCE COMPANY**,
a Missouri Corporation,

    **Defendant.**

## **MEMORANDUM OPINION and ORDER**

Pending is Plaintiff's Motion to Compel Defendant to Comply with the Provisions of Rule 26(A)(1). (ECF No. 51). In the Motion, Plaintiff complains that Defendant's initial disclosures under Fed. R. Civ. P. 26(a)(1)(A), which were filed on August 1, 2018, were inadequate, because Defendant failed to: (1) provide current addresses for two witnesses, (2) confirm that one witness was deceased, (3) describe by category and location all electronically stored information, and (4) provide for inspection and copying all applicable insurance policies. Plaintiff's counsel wrote to Defendant's counsel on two occasions (August 3 and August 14, 2018) and requested that Defendant supplement its disclosures, but Defendant did not respond to the correspondence. Accordingly, on August 21, Plaintiff filed the instant Motion to Compel.

Defendant responded to the Motion to Compel, arguing that the motion should be denied as moot, because on August 23, 2018, Defendant's counsel wrote to Plaintiff's

counsel and provided supplemental information. (ECF Nos. 52, 52-1). Defendant's counsel explained that the two witnesses, who were identified as Defendant's Vice President of Client Support and former Executive Vice President, could be contacted through defense counsel and also provided Defendant's corporate mailing address. Defendant's counsel confirmed that the third witness was, indeed, deceased. With respect to electronically stored information, Defendant's counsel indicated that the ESI was previously identified in its Rule 26(a)(1)(A) disclosures as email communications and these emails were stored on a cloud-based server. Finally, Defendant's counsel reiterated that Defendant was self-insured for any losses related to Plaintiff's claim. (ECF No. 52-1). Accordingly, no insurance policy was produced for inspection and copying.

Plaintiff filed a reply memorandum, asserting that the supplemental information provided by Defendant was still incomplete, because Defendant "continues to refuse to unequivocally state whether there is an insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in this action or to indemnify or reimburse the payments made to satisfy such judgement [sic], instead reiterating its earlier position." (ECF No. 55 at 2). Plaintiff asks the Court to issue an order compelling Defendant to give Plaintiff "an unequivocal answer ... as to whether such an agreement exists." (*Id.* at 3). Plaintiff also requests attorney's fees and costs incurred in filing the Motion to Compel given that Defendant did not supplement the disclosures until after the Motion to Compel was filed.

Having considered the briefs, the Court **DENIES** Plaintiff's Motion to Compel. Federal Rule of Civil Procedure 26(a)(1)(A)(iv) requires a party, without awaiting a

discovery request, to provide the opposing party: "for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment." *Id.* The Rule does not require the party to give a statement, answer an interrogatory, or make an admission; it simply requires the *production* of a document. Therefore, the Court declines, under the current circumstances, to compel Defendant to take an action that is not mandated by the Rule (i.e. "to give an unequivocal answer" that no such policy exists).

Defendant has a clear obligation under Fed. R. Civ. P 26(a)(1)(A)(iv) to produce all applicable insurance agreements. Defendant has not produced any such agreement. Consequently, unless and until the evidence suggests that there are pertinent insurance agreements, Defendant's disclosure is satisfactory, and Plaintiff may reasonably conclude that no such insurance agreement exists.

Plaintiff's request for attorney's fees and costs is likewise **DENIED**. Federal Rule of Civil Procedure 37(a)(1) allows a party to move for an order compelling disclosures or discovery. However, before filing such a motion, the party must certify that it has conferred in good faith or attempted to confer with the party failing to make the disclosure or discovery in an effort to obtain the information without judicial assistance. The Local Rules of this District place additional responsibilities on litigants in regard to the good faith duty to confer. L. R. Civ. P. 37.1 explains that the duty to confer requires "a good faith effort to confer *in person or by telephone* to narrow the areas of disagreement to the greatest possible extent." L. R. Civ. P. 37.1(b) (emphasis added). A letter or other written communication—such as an email—does not, on its own, satisfy the District's meet and confer requirement. *See HSBC Bank USA, Nat'l*

*Ass'n v. Resh*, No. 2014 WL 317820 at *8 (S.D.W. Va. Jan 28, 2014). The responsibility for arranging a face-to-face or telephonic discovery conference rests with counsel for the moving party. *Id.*

If a motion to compel is filed, reasonable expenses may be available to the moving party when certain criteria are met. Fed. R. Civ. P. 37(a)(5) states as follows:

> If [a] motion [to compel] is granted—or if the disclosures or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both pay the movant's reasonable expenses in making the motion, including attorney's fees. But the court must not order this payment if:
>
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

*Id.* In this case, Plaintiff is not entitled to an award of reasonable expenses, because Plaintiff filed its motion to compel before satisfying the District's meet and confer requirement. The record demonstrates that Plaintiff's counsel sent two letters to Defendant's counsel asking for supplemental disclosures,[1] but apparently never attempted to arrange a face-to-face meeting, nor contacted Defendant's counsel by telephone. Although Plaintiff's counsel mentioned in the August 3, 2018 letter his desire to confer and hinted at the possibility of a future meeting or conversation, counsel did not offer dates, times, or locations to effect such a discussion. The responsibility to *arrange* the meet and confer encounter rested with Plaintiff's counsel.

---

[1] In the Motion to Compel, Plaintiff references a letter sent on August 3, 2018, attached as Exhibit 2 to the Motion, and a letter sent on August 14, 2018, purportedly attached as Exhibit 3. However, Exhibits 2 and 3 attached to the Motion are copies of the same August 3, 2018 letter. (ECF No. 51-1 at 7-20).

However, he did not take any action, other than sending the two letters by mail and email, to discuss and resolve the outstanding disclosure issues prior to filing the motion to compel.

The failure to meet and confer does not automatically preclude the Court from ruling on the merits of a discovery motion. On the other hand, this Court has frequently denied a request for Rule 37(a)(5) expenses as a sanction for failing to fulfill the meet and confer requirement. *Westfield Ins. Co. v. Carpenter Reclamation, Inc.*, 301 F.R.D. 235, 245 (S.D.W. Va. 2014) (citing *Frontier–Kemper Constructors, Inc. v. Elk Run Coal Co., Inc.,* 246 F.R.D. 522, 526 (S.D.W. Va. 2007)("While it is mandatory for parties to meet and confer in person or by telephone prior to filing a motion to compel, the Federal Rules of Civil Procedure and Local Rules do not provide that failure to meet and confer automatically results in denial of the motion. Rather, the sanction for failing to meet and confer is the denial of a request for expenses incurred in making the motion, including attorneys fees."). The reason for imposing such a sanction is evident in this case.

The deficiencies raised by Plaintiff's counsel were precisely the kind that could have been easily resolved with a collegial discussion and without court intervention. The two witnesses listed without addresses were Defendant's former and current high-level management employees. Consequently, their addresses were not a matter of urgency; Plaintiff's counsel was not likely to engage in *ex parte* contacts with them. Moreover, Plaintiff's counsel was fairly certain that the third witness was deceased, having already obtained a copy of the witness' obituary. The relevant documents identified in this case were relatively limited in scope, and the categories of documents had previously been disclosed; therefore, designating which ones were electronic

documents would not have been a time-consuming task. Finally, Defendant had earlier advised Plaintiff of Defendant's self-insured status. Thus, these issues were not complex and could have been promptly settled by telephone, making the Motion to Compel and associated court action entirely unnecessary.

The Clerk is directed to provide a copy of this Order to counsel of record.

**ENTERED:** September 11, 2018

Cheryl A. Eifert
United States Magistrate Judge