**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

GENERAL ASSURANCE OF AMERICA INC.,
a Virginia Corporation,

               Plaintiff,

v.                                                 CIVIL ACTION NO.   3:17-4628

ARCH INSURANCE COMPANY,
a Missouri Corporation,

               Defendant.

**MEMORANDUM OPINION AND ORDER**

On May 30, 2018, the Court entered a Memorandum Opinion and Order (ECF No. 28) granting Defendant Arch Insurance Company's (Arch's) Motion to Vacate Entry of Default and for Leave to File a Late Response. In doing so, the Court found that Arch was responsible for entry of default and held it must reimburse Plaintiff General Assurance of America, Inc. (GAA) "for its attorneys' fees and costs associated with the entry of default, seeking default judgment, and all briefing related to the issues addressed in the Memorandum Opinion and Order." *Mem. Op. and Order*, at 4. Thereafter, GAA filed a Motion for the Award of Attorney Fees and Costs, together with exhibits, seeking an attorney fee award in the amount of $11,037.00 and reimbursement of $7,500.00 that was paid to Plaintiff's expert. ECF No. 33. Arch objects and argues the amount claimed is unreasonable, excessive, and not sufficiently related to the default to justify reimbursement. Additionally, Arch asserts the expert fee is not reimbursable. For the following reasons, the Court **GRANTS, in part,** GAA's motion.

In determining the reasonableness of the attorney fee request, Plaintiff's counsel submitted an Affidavit stating that his hourly rate is $195. *Aff. of Roy D. Baker, Jr.*, at 2, ECF No. 33-1, at 3. Counsel further avers that he has practiced law for 39 years and has had an AV Rating with Martindale-Hubbell for more than 20 years. Arch does not challenge the hourly rate charged by counsel. Accordingly, in considering these facts, the Court has no difficulty finding that $195 is a reasonable hourly rate.

On the other hand, Arch does challenge the number of hours Plaintiff expended on the default. In his Affidavit, Plaintiff's counsel details that he spent 56.6 hours working on this matter. *Id*. at 14, ECF No. 33-1, at 15. Arch argues that the number of hours should be reduced by 35.5 hours, for a total of 21.1 hours. Upon consideration, the Court finds a minor adjustment to the number of billable hours is reasonable in this case.

Initially, the Court recognizes that "[w]hether certain hours are reasonable is often highly dependent on the nature of the issues litigated." *McGee v. Cole*, 115 F. Supp. 3d 765, 771 (S.D. W. Va. 2015). To guide the Court, the Fourth Circuit has outlined twelve factors to consider:

> "(1) the time and labor required in the case, (2) the novelty and difficulty of the questions presented, (3) the skill required to perform the necessary legal services, (4) the preclusion of other employment by the lawyer due to acceptance of the case, (5) the customary fee for similar work, (6) the contingency of a fee, (7) the time pressures imposed in the case, (8) the award involved and the results obtained, (9) the experience, reputation, and ability of the lawyer, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship between the lawyer and the client, and (12) the fee awards made in similar cases."

*In re Abrams & Abrams, P.A.*, 605 F.3d 238, 244 (4th Cir. 2010) (quoting *Allen v. U.S.*, 606 F.2d 432, 435 (4th Cir. 1979)). The Court considers the evidence submitted in support of GAA's motion for reimbursement in light of these factors and within the context of the default that occurred here.

In its Objections to GAA's motion, Arch argues that the time GAA's counsel spent reviewing case law is excessive. Arch specifically challenges the 13.2 hours of time GAA's counsel spent reviewing certain cases that Arch asserts were referenced only for general legal principles. Upon review of these cases and the context in which they were cited, the Court agrees with Arch as to the nature of the citations. Many of these cases were cited as part of a string citation or for a single general legal principle with no in-depth case analysis. Nevertheless, the Court recognizes that, given the volume of these types of citations,[1] it still would have taken GAA's counsel some amount of time to review the cases for the purposes they were cited. Therefore, on balance, the Court finds that ten hours is a reasonable number of hours spent reviewing these particular cases and reduces GAA's claim accordingly by 3.2 hours.[2]

Arch next argues that GAA should not be reimbursed for the fees incurred that are related to GAA's Surreply and its Response to a related Motion to Strike its Surreply because GAA was not granted leave in advance to file the Surreply. Although it is accurate that GAA did not seek advance approval,[3] the Court ultimately denied Arch's Motion to Strike GAA's Surreply.

---

[1]Arch directs the Court to twenty-one such citations.

[2]Although Arch argues GAA should receive no compensation for this time because the cases reviewed by GAA's counsel only dealt with whether the default should be vacated, the Court rejects this argument and finds this time is compensable.

[3]*See* L. R. Civ. P. 7.1(a)(7) (providing, in part: "Surreply memoranda shall not be filed

*Mem. Op. & Order*, at 3. Additionally, both the Surreply and the Response are directly related to Arch's Motion to Vacate Entry of Default and for Leave to File a Late Response. Therefore, the Court finds the time GAA's counsel spent on the Surreply and the Response to the related Motion to Strike are compensable.

Finally, Arch argues that it should not be required to reimburse GAA for the fees and expenses it incurred that are related to GAA's expert witness, C. Zachary Meyers, CPA, CVA. On April 20, 2018, the Court granted GAA's Motion for Entry of Default Against Arch and gave GAA twenty days to facilitate entry of default judgment. *Order*, ECF No. 12. GAA's counsel states that, on same day default was entered, he contacted Mr. Meyers to conduct an investigation and complete the calculations needed to file a Motion for Default Judgment. *Aff. of Mr. Baker*, at ¶ 10. Ultimately, Mr. Meyers completed those calculations, and GAA submitted his Affidavit and findings as an exhibit to its Motion for Entry of Default Judgment. *Aff. of C. Zachary Meyers (Damages for Lost Profits)*, ECF No. 15-4, at 24-27.

Arch asserts Mr. Meyers' fee and the related expenses are not recoverable because the Court said in its earlier Memorandum Opinion and Order that GAA may recover attorney fees and costs, but it did not expressly say GAA could recover expert fees. However, even absent an expressed statement about expert fees, the clear purpose of the Court's ruling was to ensure that GAA is reimbursed for the reasonable expenses it incurred as a result of Arch's default. Prior to Arch's appearance in this matter, the Court had ordered GAA "to file the appropriate motion and affidavits, or to arrange for the necessary evidentiary hearing, to facilitate the entry of default

---

except by leave of court.").

judgment, pursuant to Fed. R. Civ. P. 55(b), within twenty days[.]" *Order*, ECF No. 12. In compliance with this Order, GAA retained Mr. Meyers to calculate GAA's damages. Mr. Meyers performed these calculations, and GAA submitted his Affidavit and conclusions as an exhibit to its motion. Thus, Mr. Meyers' work had a direct relationship to GAA's Motion for Default Judgment.

Arch further argues, however, that it should not be required to reimburse GAA for Mr. Meyers' fee and the related expenses because Mr. Meyers' services are run-of-the mill litigation expenses that GAA will incur during the course of this case irrespective of the default. However, it is pure speculation as to whether or not Mr. Meyers' services will be necessary at some later point in the litigation. Many things can happen in a case which may make the retention of an expert unnecessary, such as dismissal or settlement. Given that Mr. Meyers was hired for the purpose of calculating damages for the default judgment, the Court finds GAA is entitled to be reimbursed his fee and the related expenses.

Therefore, in sum, the Court finds GAA should be reimbursed the $7,500.00 it was charged by Mr. Meyers and $10,413.00 for its attorney fees,[4] for a total of $17,913.00. The Court finds this amount is reasonable in light of the factors outlined by the Fourth Circuit in *In re Abrams & Abrams, P.A.*, 605 F.3d at 244. Specifically, the Court recognizes that, although some defaults and default judgments are quick and easy, this case was time consuming and involved several rounds of briefing. GAA's counsel filed motions for entry of default and default judgment and then responded to Arch's motion to vacate and file a late response. GAA also filed a Surreply and

---

[4]This figure represents a reduction of 3.2 hours from GAA's request.

responded to Arch's attempt to strike the Surreply and responded to Arch's motion to hold the entry of default judgment in abeyance. GAA also attached numerous exhibits to the various motions and responses, including gathering the information needed for Mr. Meyers to make his calculations.

Accordingly, for the foregoing reasons, the Court **GRANTS, in part,** GAA's Motion for the Award of Attorney Fees and Costs (ECF No. 33), and **ORDERS** Arch to reimburse GAA a total of **$17,913.00** within the next thirty days.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: November 9, 2018

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE