# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

GENERAL ASSURANCE OF AMERICA INC.,
a Virginia Corporation,

      Plaintiff,

v.           CIVIL ACTION NO. 3:17-4628

ARCH INSURANCE COMPANY,
a Missouri Corporation,

      Defendant.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is a Motion for Reconsideration of Memorandum Opinion and Order Entered by this Court on December 12, 2018 by Plaintiff General Assurance of America Inc. (GAA). ECF No. 67. Defendant Arch Insurance Company (Arch) opposes the motion. Upon consideration, the Court **DENIES** the motion.

In the Court's December 12, 2018 Memorandum Opinion and Order, the Court dismissed GAA's claims for breach of fiduciary duties and tortious interference with its business relationships and dealings. *Gen. Assurance of Am. Inc. v. Arch Ins. Co.*, Civ. Act. No. 3:17-4628, 2018 WL 6531682 (S.D. W. Va. Dec. 12, 2018). At that time, GAA argued Missouri's five-year statute of limitations applied under a choice-of-law provision in an Agency Agreement or, in the alternative, it had timely filed its action within West Virginia's two-year statute of limitations as set forth in West Virginia Code § 55-2-12. As both of these claims sounded in tort and GAA cited

no provision in the Agency Agreement broad enough to cover these extra-contractual claims, the Court applied West Virginia's statute of limitations and found the claims were untimely filed.

Now, GAA argues that Missouri's statute of limitations applies because a "precipitating act" for its causes of action occurred there. *GAA's Motion for Reconsideration of Mem. Op. and Order Entered by this Court on Dec. 12, 2018, and Mem. of Law in Supp. Thereof*, at 3, ECF No. 67. Specifically, GAA references a single letter, that was one of many attachments to the Complaint, in which John Mohler, Vice President of Arch, informed Ronald Vasser, President of GAA, that Arch was terminating the Agency Agreements. *Letter from John Mohler to Ronald Vasser*, (Dec. 9, 2013), ECF No. 1-2, at 9. As this letter was sent from Kansas City, Missouri, to Mr. Vasser in Richmond, Virginia, GAA insists the facts establish the injury occurred in Missouri so Missouri law applies and the Court made a clear error as a matter of law applying West Virginia's statute of limitations.

Under Rule 54(b) of the Federal Rules of Civil Procedure, "a district court retains the power to reconsider and modify its interlocutory judgments . . . at any time prior to final judgment when such is warranted." *Am. Canoe Ass'n v. Murphy Farms, Inc*., 326 F.3d 505, 514-15 (4th Cir. 2003) (citations omitted). Rule 54(b) is more flexible than motions to reconsider final judgments under Rule 59(e) to account for developments in litigation and new facts or arguments that are brought to light. *Carlson v. Boston Sci. Corp*., 856 F.3d 320, 325 (4th Cir. 2017) (citations omitted). However, this Court's discretion "is not limitless," and the Fourth Circuit has "cabined revision pursuant to Rule 54(b) by treating interlocutory rulings as law of the case." *Id*. (citations omitted). Accordingly, "a court may revise an interlocutory order under the same circumstances

in which it may depart from the law of the case: '(1) a subsequent trial producing substantially different evidence; (2) a change in applicable law; or (3) clear error causing manifest injustice.'" *Id.* (internal quotation marks, alteration, and citations omitted). Here, GAA argues the Court should reconsider its prior decision under the third prong of clear error.

Initially, in making this analysis, the Court recognizes that, contrary to GAA's current argument, it expressly states in its Complaint that "[t]he events giving rise to the claims asserted herein on behalf of GAA against Arch occurred within the United States District Court for the Southern District of West Virginia at Huntington." *Compl.* at ¶ 3. As GAA is the master of its own Complaint, it must live with the consequences of its pleading decisions. *See Hall v. Greystar Mgmt. Servs., L.P.*, 193 F. Supp. 3d 522, 530 (D. Md. 2016) ("It is often said that the plaintiff is the master of her complaint. True enough—but then the plaintiff must live with the consequences of her pleading decisions."). However, even if the Court were to assume that the cause of action accrued in Missouri in 2013, the date of the letter, West Virginia has a borrowing statute that applies to actions accruing outside the State, but that were filed in West Virginia. Pursuant to the borrowing statute, "[t]he period of limitation applicable to a claim accruing outside of this State shall be either that prescribed by the law of the place where the claim accrued or by the law of this State, *whichever bars the claim*." W. Va. Code § 55-2A-2 (italics added). Here, although GAA asserts the statute of limitations in Missouri is five years, the statute of limitations in West Virginia is two years and, upon applying the borrowing statute, bars GAA's claims. *See Mulvey Constr., Inc. v. Bituminous Cas. Corp.*, 571 Fed. App'x 150, 161-62 (4th Cir. 2014) (applying West Virginia's borrowing statute and finding claim barred under Virginia's shorter statute of limitations).

In its Reply, GAA alternatively argues that Arch changed its position in its Motion for Summary Judgment on when the final calculations of the contingency fee were made. As the final payment was made on June 6, 2016, GAA claims it had to wait until after that date to bring an action and, therefore, its action filed on December 28, 2017 was timely under West Virginia law. *Reply on Behalf of GAA*, at 4, ECF No. 76. Additionally, GAA claims the payment was late because it was due on May 29, 2016. *Id*. However, this Court already rejected GAA's argument that its causes of action for tortious interference and breach of fiduciary duty accrued at the time of the final accounting and GAA is merely rehashing its same argument. *See Gen. Assurance of Am. Inc.*, 2018 WL 6531682, at *4-5. Thus, for purposes of these claims, it does not matter whether the final accounting was on April 30, 2016, as GAA originally stated, or on June 6, 2016, because neither date is when these causes of action accrued.

Accordingly, for the foregoing reasons, the Court **FINDS** the Court did not err in its prior decision and **DENIES** GAA's Motion for Reconsideration of Memorandum Opinion and Order Entered by this Court on December 12, 2018. ECF No. 67.[1]

---

[1] To the extent GAA also makes discovery requests beyond these claims, the Court declines to address them in the context of the Motion for Reconsideration. Those discovery issues are more appropriately addressed in other motions filed by both parties. *See GAA's Mot. to Compel*, ECF No. 70; *Arch's Mot. for Protective Order and to Stay Discovery Pending Ruling on its Dispositive Mot.*, ECF No. 77.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: January 18, 2019

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE